```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

O. Z. JORDAN                                            PLAINTIFF

VS.                            CIVIL ACTION NO. 3:08cv454-TSL-JCS

DETECTIVE MARCUS WRIGHT,
CITY OF JACKSON POLICE DEPARTMENT,
CITY OF JACKSON, MISSISSIPPI,
AND JOHN DOES A THROUGH E                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants City of Jackson, Mississippi and the Jackson Police Department to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the separate motion of defendant Detective Marcus Wright to dismiss on the basis of qualified immunity. Initially, within the time for responding to the City and the JPD's motion, plaintiff filed no response. Likewise, when defendant Wright subsequently filed his motion to dismiss, plaintiff failed to timely respond. Plaintiff's counsel was contacted and advised of the need to file a response, and he verbally represented that a response would be filed promptly. When the promised response was not filed, a "text only" order was entered establishing a deadline for plaintiff's response, and advising that his response would serve as plaintiff's Rule 7 reply to defendant Wright's motion to dismiss on qualified immunity grounds. On the date established by the court, plaintiff filed a response, in which he denied defendants' were entitled to the requested relief. The court,

having considered the parties' submissions, concludes that defendants' motions to dismiss should be granted.

On April 8, 2008, plaintiff O.Z. Jordan filed this lawsuit against the City of Jackson, Mississippi (the City), the City of Jackson Police Department (JPD) and Detective Marcus Wright under 42 U.S.C. § 1983 for an alleged violation of his Fourth Amendment rights, and under Section 23 of the Mississippi Constitution.[1] Plaintiff alleges he was subjected to an illegal search and seizure as a result of a search warrant containing a description of the "wrong house."  His complaint recites the following:

> That on or about April 11, 2005 Defendants caused to be issued a search warrant for 222 Columbus Street, Jackson, Mississippi, wherein said warrant described the house to be white house with black burglar bars.
> That Defendants had described the wrong house in said search warrant and served said warrant on the Plaintiff in violation of the 4th Amendment of the U.S. Constitution and Sec. 23 of the Mississippi Constitution.
> Defendants illegally searched and destroyed certain property of Plaintiff constituting an illegal seizure from Plaintiff in violation of 42 U.S.C. § 1983.
> As a result of the aforementioned constitutional violations Plaintiff has suffered damages.

<u>The City and JPD's Motion to Dismiss</u>

In their motion to dismiss, the City and JPD make a number of arguments, all of which are meritorious.  These defendants correctly argue as follows:

---

[1] Section 23 provides:
The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.

2

- the Jackson Police Department is not a proper party because it is not a political subdivision or legal entity in and of itself, but rather is merely a department of the City of Jackson, see Bradley v. City of Jackson, Civil Action No. 3:08CV261-TSL-JCS (S.D. Miss. June 5, 2008) (concluding that Jackson Police Department was "not a proper party because it is not a political subdivision or legal entity in and of itself, but rather is merely a department of the City of Jackson") (citations omitted);

- that plaintiff has failed to state a claim for relief under Section 23 of the Mississippi Constitution because the section provides no private right of action, see Kenyatta v. Moore, 623 F. Supp. 220, 224 (S.D. Miss. 1985) ("No private cause of action and damage remedy has ever been implied from the Mississippi Constitution."). (quoted in Montgomery v. Mississippi, 498 F. Supp. 2d 892, 907, (S.D. Miss. 2007));

- that any arguable claim for damages as a result of a Section 23 violation would have to be brought through the MTCA, see Woolever v. Taylor, Civil Action No. 2:05CV150-P-B, 2006 WL 1767847, 1 (N.D. Miss. June 23, 2006) (recognizing the MTCA is "the only vehicle through which the plaintiff could pursue a constitutional claim under Mississippi law against a state governmental entity"); Roderick v. City of Gulfport, Miss., 144 F. Supp. 2d 622, 637 (S.D. Miss. 2000) (holding that "[b]ecause the defendants are a municipality of Mississippi and its employees, the plaintiff's state law claims (for

> violations of his rights under the Mississippi State Constitution) are governed by the Mississippi Tort Claims Act"); <u>Albert and Helen MA v. City of Columbus</u>, 1997 WL 560941, 1 (N.D. Miss. 1997) (rejecting argument that MTCA did not apply to the plaintiffs' claim against municipal defendants to recover damages for alleged violations of the Mississippi Constitution);

- that any putative MTCA claim is barred because plaintiff has not complied with the notice requirements of the MTCA, <u>see</u> Miss. Code Ann. § 11-46-11(1) (requiring that "ninety (90) days prior to maintaining an action (under MTCA), such person shall file a notice of claim with the chief executive officer of the governmental entity"); <u>Univ. of Miss. Med. Ctr. v. Easterling</u>, 928 So. 2d 815, 819-20 (Miss. 2006) (holding that "the ninety-day notice requirement under section 11-46-11(1) is a 'hard-edged, mandatory rule which the Court strictly enforces.'") (quoting <u>Ivy v. General Motors Acceptance Corp.</u>, 612 So. 2d 1108, 1116 (Miss. 1992)).

- that plaintiff's state law claim is in any event barred by the MTCA's statute of limitations, having been brought more than one year after the events on which plaintiff's complaint is based, <u>see</u> Miss. Code Ann. § 11-46-11(3) (stating that "[a]ll actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on

4

>     which the liability phase of the action is based, and not
>     after....");
> 
> •   that plaintiff's § 1983 claim against the City is barred
>     because plaintiff has failed to allege, either explicitly or
>     implicitly, that the charged constitutional deprivations
>     resulted from an official policy, custom or practice of the
>     City, see Monell v. New York City Dep't of Soc. Servs., 436
>     U.S. 658, 694 (1978) (holding that liability against
>     municipal defendants may only be found where the
>     constitutional injury is the result of a "policy or custom"
>     that may be fairly attributable to official policymakers).

In his untimely response to this motion, plaintiff merely "denies that the City of Jackson ... [is] entitled to relief" and declares that "the said claim is a constitutional claim and not a tort claim and does not require said tort claim notice pursuant to § 11-46-11 of the Mississippi Code of 1972, as amended." Plaintiff's response has no merit, and the motion of these defendants to dismiss will be granted.

<u>Detective Wright's Motion to Dismiss</u>

In response to plaintiff's complaint, defendant Wright filed his motion to dismiss on the basis of qualified immunity. "When a governmental official with discretionary authority is sued for damages under §1983 and properly raises the defense of qualified immunity, the plaintiff bears the burden of rebutting that defense." Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992)

(emphasis added).  In Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc), the Fifth Circuit

> established the use of a rule 7(a) reply to resolve the inherent conflict between the Federal Rules' notice pleading procedures and the substantive right of qualified immunity, which requires that a plaintiff allege with particularity those facts necessary to overcome a qualified immunity defense:  When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail.  By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

Meekins v. Thompson, 2001 WL 422831, 2 (5th Cir. 2001) (quoting Shultea, 47 F.3d at 1433).  To overcome qualified immunity, a plaintiff is required to "allege specific conduct giving rise to a constitutional violation." Cranford v. Payne, 2006 WL 2701273, *4 (S.D. Miss. August 23, 2006). "The standard requires more than conclusory assertions alone to overcome the qualified immunity defense."  Id.  See also Meekins, 2001 WL 422831, 2 (allegations "must be pleaded with factual detail and particularity, not mere conclusionary allegations.") (quoting Jackson v. Widnall, 99 F.3d 710, 715-16 (5th Cir. 1996)).  The court herein directed plaintiff's counsel to respond to Wright's motion and informed him that his response would serve as his Rule 7(a) reply.  Plaintiff's response does no more than deny that Wright is entitled to the requested relief and declare that "Marcus Wright's actions were outside the umbrella of Qualified immunity protection."  Plaintiff's complaint alleges no more than that "defendants ... described the wrong house" in the search warrant and "served said

6

warrant on the Plaintiff in violation of the 4th Amendment of the U.S. Constitution ...." That is hardly sufficient to overcome Wright's qualified immunity, and plaintiff's response/reply to Wright's motion adds nothing of substance to his allegations. The complaint, coupled with the response/reply, is patently insufficient to overcome Wright's qualified immunity, and his motion to dismiss will therefore be granted.

### Conclusion

Based on the foregoing, it is ordered that the motions of the City and JPD, and of defendant Wright, are granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 12th day of September, 2008.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE